IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY, | : : : | 1:12-cv-693 |
| Plaintiff, | : : | |
| v. | : : | Hon. John E. Jones III |
| H & W EQUITIES INCORPORATED, *et al.*, | : : : | |
| Defendants. | : | |

## MEMORANDUM

### July 17, 2013

Presently before the Court is Plaintiff Endurance American Specialty Insurance Company's Motion for Summary Judgment (Doc. 49). For the reasons set forth below, this motion shall be granted.

## I. PROCEDURAL HISTORY

On April 13, 2012, Plaintiff Endurance American Specialty Insurance Company ("Endurance") filed a complaint against H&W Equities Incorporated ("H&W Equities"), Theodore Laukemann, Jr. ("Laukemann"), and Robert Fischel and Cecil V. Knotts, Junior, Individually and as Executors of the Estate of Robert G. Fischel ("Fischel Defendants")[1]. (Doc. 1). Specifically, Plaintiff sought

---
[1] Various documents from Plaintiff and Defendants contain two different spellings of this name, either "Fischel" or "Fishel". For consistency, Fischel will be used throughout this Memorandum.

declaratory judgment, releasing it of any obligation to provide a defense or coverage for any of the insured under the policy, including Defendants H&W Equities and Laukemann, claiming such coverage was excluded under the Employer's Liability Exclusion, or alternatively, under the Policy's (1) Classification Limitation, (2) Exclusion – Designated Work or Operations, (3) Aircraft, Auto or Watercraft Exclusion, or based on (4) lack of notice. (Doc. 1 ¶¶ 30-51).

On June 4, 2012, the Fischel Defendants filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6). (Doc. 9). They filed a brief in support of their motion on June 15, 2012. (Doc. 12). On June 18, 2012, Plaintiff filed a Cross Motion for Judgment on the Pleadings, and a brief in support thereof and in opposition to the Fishel Defendant's motion to dismiss. (Docs. 14, 15). The Fishel Defendants filed a reply brief in further support of their motion to dismiss on July 2, 2012. (Doc. 21). On July 16, 2012, Plaintiff Endurance filed a reply brief in further support of the cross-motion. (Doc. 22). On August 3, 2012, by Memorandum and Order, the Court denied both the Motion to Dismiss and the Cross-Motion for Judgment on the Pleadings. (Doc. 27).

On May 1, 2013, Plaintiff Endurance filed the Motion for Summary Judgment that is currently at issue (Doc. 49) along with a Brief in Support thereof

(Doc. 50). The Fischer Defendants filed a Brief in Opposition on May 10, 2013, (Doc. 56), which was adopted by Defendants H&W Equities and Laukemann. (Doc. 57). On May 24, 2013, Plaintiff Endurance filed a Reply Brief. (Doc. 58). Thus, the pending motion has been fully briefed and is ripe for disposition.

## II. STANDARD OF REVIEW

Summary judgment is appropriate if the record establishes "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant meets this burden by pointing to an absence of evidence supporting an essential element as to which the non-moving party will bear the burden of proof at trial. *Id.* at 325. Once the moving party meets its burden, the burden then shifts to the non-moving party to show that there is a genuine issue for trial. Fed. R. Civ. P. 56(e)(2). An issue is "genuine" only if there is a sufficient evidentiary basis for a reasonable jury to find for the non-moving party, and a factual dispute is "material" only if it might affect the outcome of the action under the governing law. *Anderson v. Liberty Lobby, Inc*, 477 U.S. 242, 248-49 (1986).

In opposing summary judgment, the non-moving party "may not rely merely on allegations of denials in its own pleadings; rather, its response must ... set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). The non-moving party "cannot rely on unsupported allegations, but must go beyond pleadings and provide some evidence that would show that there exists a genuine issue for trial." *Jones v. United Parcel Serv.*, 214 F.3d 402, 407 (3d Cir. 2000). Arguments made in briefs "are not evidence and cannot by themselves create a factual dispute sufficient to defeat a summary judgment motion." *Jersey Cent. Power & Light Co. v. Twp. of Lacey*, 772 F.2d 1103, 1109-10 (3d Cir. 1985). However, the facts and all reasonable inferences drawn therefrom must be viewed in the light most favorable to the non- moving party. *P.N. v. Clementon Bd. of Educ.*, 442 F.3d 848, 852 (3d Cir. 2006).

Summary judgment should not be granted when there is a disagreement about the facts or the proper inferences that a factfinder could draw from them. *Peterson v. Lehigh Valley Dist. Council*, 676 F.2d 81, 84 (3d Cir. 1982). Still, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; there must be a *genuine* issue of *material* fact to preclude summary judgment." *Anderson*, 477 U.S. at 247-48.

## III. FACTUAL BACKGROUND [2]

Plaintiff Endurance issued a Commercial General Liability Policy ("Policy"), effective from July 8, 2010 to July 8, 2011, to L&W Demolition Company, Inc. and Defendant H&W Equities, both Named Insureds. (Doc. 49-2 ¶ 9). Defendant Laukemann is additionally insured under the Policy, as the owner of L&W Demolition Company, Inc. (Doc. 49-2 ¶ 10). The Policy included (1) a "Separation of Insureds" clause, (2) an Employer's Liability Exclusion, (3) a Classification Limitation Endorsement, (4) an Exclusion-Designated Work or Operation, and (5) an Aircraft, Auto or Watercraft Exclusion. (Doc. 55 ¶¶ 9-18 & Doc. 1 ¶¶ 16-21).

The "Separation of Insureds" clause reads as follows:

> **7. Separation of Insureds**
> Except with respect to the Limits of Insurance, and any rights or duties specifically assigned in this Coverage Part to the first Named Insured, this insurance applies:
> 
> a. As if each Named Insured were the only Named Insured; and
> 
> b. Separately to each insured against whom claim is made or "suit" is brought. (Doc. 56 at 3).

---

[2] Facts are principally derived from Plaintiff's Statement of Material Facts Pursuant to Rule 56.1 (Doc. 49-2) and Defendants' response (Doc. 55).

The Employer's Liability Exclusion reads as follows:

> **2. Exclusions**
> This insurance does not apply to:
>
> **e. Employer's Liability**
>
> "Bodily injury" to
> (1) An "employee" of the insured arising out of and in the course of:
> (a) Employment by the insured; or
> (b) Performing duties related to the conduct of the insured's business; or
> (c) The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph (1) above.
>
> This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury.
> This exclusion does not apply to liability assumed by the insured under an "insured contract". (Doc. 1 ¶ 16).

On, or around, October 6, 2011, the Fischel Defendants filed a lawsuit against Defendants H&W Equities and Laukemann in the Pennsylvania Court of Common Pleas of Philadelphia County, seeking recovery for the death of Robert G. Fischel, after he allegedly became critically injured during the course of his employment with L&W Demolition at H&W Equities' quarry, leading to his subsequent death ("Underlying Lawsuit"). (Doc. 49-2 ¶¶ 22-23).

In a letter dated November 15, 2011, Plaintiff Endurance responded to the request of Defendants H&W Equities and Laukemann, and L&W Demolition for

coverage regarding the Underlying Lawsuit. (Doc. 49-2 ¶ 28). In the aforementioned letter, Plaintiff Endurance disclaimed any obligation to provide a defense or coverage to both L&W Demolition and Defendants H&W Equities and Laukemann for the Underlying Lawsuit. (Doc. 49-2 ¶ 29). Endurance claimed that, since Robert G. Fishel was an employee of L&W Demolition and his death arose of and was within the course of his employment, the Employer's Liability Exclusion applied and excluded coverage to all insureds, including Defendants H&W Equities and Laukemann, despite the fact that H&W Equities and Laukemann were not classified as Fishel's employer. (Doc. 49-2 ¶ 29). Plaintiff Endurance additionally stated that it would seek a Declaratory Judgment from the Court to confirm its lack of obligation. (Doc. 49-2 ¶ 29).

On February 9, 2012, Defendant H&W Equities wrote a letter to Plaintiff Endurance, requesting a reconsideration of coverage for the Underlying Lawsuit. (Doc. 49-2 ¶ 30). On February 10, 2012, Plaintiff Endurance responded to the request, stating that there was no change in its coverage position and that it would continue to deny any obligation to provide a defense or coverage relating to the Underlying Lawsuit. (Doc. 49-2 ¶¶ 31-32).

## IV. DISCUSSION

Plaintiff Endurance seeks declaratory judgment that it is under no obligation to provide a defense or coverage to Defendants H&W Equities and Laukemann in the Underlying Lawsuit. Plaintiff contends that the "Employer Liability Exclusion" within the Policy (Doc. 1 ¶ 16) applies to Fischer's bodily injury and subsequent death, which was sustained due to and occurred within the course of his employment with L&W Demolition. Plaintiff Endurance claims this precludes coverage to Defendants H&W Equities and Laukemann, named insureds, who are seeking coverage for a claim made by the employee's executors against them. (Doc. 50 at 1-2). Plaintiff cites *Pennsylvania Manufacturers' Association Insurance Company v. Aetna Casualty and Surety Insurance Company*, which held that Employer's Liability Exclusions are to be interpreted broadly, so as to apply to all parties, as long as the injured was an employee of one of the insureds. *See Pennsylvania Mfr's Asso. Ins. Co. v. Aetna Casualty & Surety Ins. Co.*, 233 A.2d 548, 550-52 (Pa. 1967).

Defendants contend that this Court should ignore the *Penn. Mfr's Asso. Ins. Co.* precedent, claiming that it is too dissimilar to the instant case, as it (1) resolved a dispute between insurance companies, rather than a commercial entity and individual against an insurance company and (2) concerned

8

automotive insurance, rather than commercial general liability insurance. (Doc. 56 at 10-11). Defendants argue that this Court should instead follow the decisions of *Luko v. Lloyd's of London*, 573 A.2d 1139 (Pa. Super.1990) and *United States Steel Corp. v. Nat'l Fire Ins.,* 2011 Pa. Dist. & Cnty. Dec. LEXIS 488 (Pa. Ct. Com. Pl., Dec. 28, 2011). (Doc. 56 at 6). Defendants assert that the Employer's Liability Exclusion at bar is analogous to those contained in the *Luko* and *U.S. Steel* cases. (Doc. 56. at 6-8). In *Luko*, an Employer Liability Exclusion was held not to apply to separate, non-employer insureds. *Luko*, 573 A.2d at 1144. Defendants claim that Defendants H&W Equities and Laukemann are separate non-employer insureds because (1) Plaintiff Endurance used references to a singular "insured" rather than a plural and (2) H&W Equities paid a premium for a "Separation of Insureds" clause, thus rendering the Employer Liability Exclusion inapplicable pursuant to *Luko.* (Doc. 56 at 1, 6). Alternatively, Defendants cite *U.S. Steel*, which affirmed the *Luko* decision and additionally held that an Employer's Liability Exclusion may not apply when Pennsylvania's "reasonable expectations of the insureds" doctrine is applicable. *U.S. Steel*, 2011 Pa. Dist. & Cnty. Dec. LEXIS 488 at 16-21. (Doc. 56 at 9).

We agree with Plaintiff Endurance's interpretation of the proper standard for Employer's Liability Exclusions. The Defendants cite a lower court decision, promoting a minority view, which is directly contrary to Pennsylvania Supreme Court precedent. Defendants claim that the *Penn. Mfr's Asso. Ins. Co.* is inapplicable, due to factual distinctions between it and the case at bar, including: (1) it resolved a dispute between insurance companies, rather than a commercial entity and individual against an insurance company, and (2) the policy concerned automotive insurance, rather than commercial general liability insurance; however, in *Standard Venetian Blind Co. v. American Empire Ins. Co.*, the Pennsylvania Supreme Court held that Employer's Liability Exclusions are applicable in cases between a commercial entity and an insurance company regarding commercial general liability insurance, relying on *Penn. Mfr's Asso. Ins. Co.* as precedent. *See Standard Venetian Blind Co. v. American Empire Ins. Co.*, 469 A.2d 563, 564-66 (Pa.1983). Absent clear evidence that the Pennsylvania Supreme Court has abandoned its previously stated rule, we are bound to follow it. *See Brown & Root Braun, Inc. v. Bogan*, 54 Fed. Appx. 542, 547 (3d Cir. 2002) (citing *McKenna v. Pac. Rail Serv.*, 32 F.3d 820, 825 (3d Cir. 1994)); *Erie R.R. Co. v. Tompkins,* 340 U.S. 64 (1938). As it is not

apparent that the Pennsylvania Supreme Court has abandoned the *Penn Mfr.'s Ass'n Ins. Co.* standard, it shall control.

In *Penn Mfr.'s Ass'n Ins. Co.,* the court held that an Employer's Liability Exclusion should be interpreted broadly to apply to all named insureds. *Penn. Mfr's Asso. Ins. Co.*, 233 A.2d at 551-552. Defendants claim that the "Separation of Insureds" clause should prevent the exclusion from applying, however this argument is unpersuasive. The court in *Penn Mfr.'s Ass'n Ins. Co.* held that a separation of insureds clause doesn't modify the term "insured" in the exclusion, and variation in such clauses are "a distinction without a difference." *Id*. at 552 (following *Patton v. Patton,* 198 A.2d 578 (Pa. 1964)). Based on the *Penn Mfr.'s Ass'n Ins. Co.* precedent, the "Separation of Insureds" clause does not effect the Employer's Liability Exclusion, which applies to Defendants H&W Equities and Laukemann.

We also disagree with Defendants' contention that the reasonable expectations of the insureds should govern this case. In *U.S. Steel*, the court reasoned U.S. Steel had a reasonable expectation that claims filed by non-employees, following an injury while working at its site would be covered. *U.S. Steel,* 2011 Pa. Dist. & Cnty. Dec. LEXIS 488 at 15-16. Defendants similarly claim that Defendants H&W Equities and Laukemann could

reasonably expect that Endurance would provide a defense and coverage in the lawsuit filed by the Fischer Defendants. Pennsylvania law, however, holds that for the reasonable expectations doctrine to prevail over obvious policy language, one of two conditions must be met: it must either (1) "protect non-commercial insureds from policy terms which are not readily apparent" or (2) "protect non-commercial insureds from deception by insurance agents." *Liberty Mut. Ins. Co. v. Treesdale, Inc.*, 418 F.3d 330, 344 (3d Cir. 2005) (citing *Madison Construction Co. v. Harleysville Mut. Ins. Co.*, 735 A.2d 100, 109 (Pa. 1999)). The policy at bar is a commercial policy between Plaintiff Endurance, L&W Demolition Company, Inc. and H&W Equities, with Laukemann only insured as the owner of L&W Demolition Company, Inc. (Doc. 1 ¶ 15 & Doc. 49-2 ¶ 10). Because the Pennsylvania Supreme Court has held that the reasonable expectations doctrine is meant to protect only non-commercial insureds, that doctrine is inapplicable in this case.

## V. CONCLUSION

For the foregoing reasons, we shall grant Plaintiff's Motion for Summary Judgment. An appropriate order shall issue.